UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JACKIE E. BAUGHMAN,

    Plaintiff,

    v.                                  CAUSE NO.: 1:17-CV-175-TLS-SLC

ANDREW SAUL, Commissioner of the
Social Security Administration,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 24], filed on December 8, 2020. The Plaintiff's attorney requests to be paid $12,897.83 pursuant to 42 U.S.C. § 406(b). Pl.'s Mot. 2, ECF No. 24. The Defendant has filed a Response, stating that he "neither supports nor opposes Plaintiff's counsel's request." Def.'s Resp. 1, ECF No. 25. The Plaintiff has not filed a Reply, and the time to do so has passed. For the reasons stated below, the Plaintiff's Motion is DENIED without prejudice.

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.

Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id*.

However, the Plaintiff's attorney's Motion requests a § 406(b) award "with leave permitted to petition for an additional 406(b) amount." Pl.'s Mot. 2, ¶ 7. The Plaintiff's Motion suggests this request hinges on the outcome of the determination of the § 406(a) fees. *Id.* at ¶¶ 6–7. However, the Court cannot conduct a reasonableness analysis without knowing the full amount the Plaintiff's attorney is requesting, and so cannot award any amount under the Motion's stated condition.

## CONCLUSION

For the reasons stated above, the Court DENIES without prejudice the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 24] with leave to refile the motion either with a single, definite request for § 406(b) fees that will not require the filing of a petition for an additional § 406(b) fee or once the matter of the § 406(a) fees is resolved.

SO ORDERED on January 11, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT