UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACKIE E. BAUGHMAN, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | CAUSE NO.: 1:17-CV-175-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 27]. The Plaintiff's attorney requests attorney fees in the net amount of $12,897.83 pursuant to 42 U.S.C. § 406(b). The Defendant filed a Response [ECF No. 28] indicating that he does not oppose the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits. The Court granted the Plaintiff's request, reversing and remanding for further proceedings. May 10, 2018 Op. & Order, ECF No. 20. On August 21, 2018, the Court awarded $3,683.17 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Aug. 21, 2018 Order, ECF No. 23.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits of $102,084.00, twenty-five percent of which was withheld for the payment of attorney fees in the amount of $25,521.00. *See* Notice of Award 3, ECF No. 27-5. In the instant motion, the Plaintiff's attorney asks the Court to award attorney

fees pursuant to § 406(b) in the net amount of $12,897.83. This amount is based on the retainer agreement between the Plaintiff and his attorney [ECF No. 27-1], in which the Plaintiff agreed to pay his attorney twenty-five percent of all past-due benefits for work at the federal court level. The total requested § 406(b) award of $12,897.83 is based on the withheld twenty-five percent of past-due benefits of $25,521.00 minus the $8940.00 fee paid to the Plaintiff's hearing representative under § 406(a) for work at the administrative level. The remaining withheld $16,581.00 for the § 406(b) fee is then offset by the EAJA fee in the amount of $3683.17 for a net payment to the attorney of $12,897.83. The attorney requests that the remaining $3683.17 representing the EAJA offset amount be released by the Social Security Administration to the Plaintiff.

## ANALYSIS

The Plaintiff's counsel requests a net payment of $12,897.83 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level under 42 U.S.C. § 406(a), as well as representation before the Court under 42 U.S.C § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of

time an attorney has spent on a case. *Id.* In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed fee equals an effective hourly rate of approximately $891 for the total requested § 406(b) fee award. *See* Pl's Mot. 3 at ¶ 13, 4 n.1, ECF No. 27 (reflecting 18.6 attorney hours). Such an hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Niebuhr v. Saul*, 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery in social security cases . . . ."); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 27] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the net amount of $12,897.83, which already accounts for the offset of EAJA fees.

The remaining $3,683.17 withheld by the Social Security Administration, which represents the offset EAJA fees, may be released to the Plaintiff.

SO ORDERED on May 5, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT